The Honorable Kathy Dent Sarasota Supervisor of Elections Post Office Box 4194 Sarasota, Florida 34230-4194.
Dear Supervisor Dent:
You ask substantially the following question:
Is a witness's name and address on the back of an absentee ballot confidential and exempt from disclosure when the voter is a participant in the Address Confidentiality Program for Victims of Domestic Violence established pursuant to sections 741.401-741.409, Florida Statutes?
It is a general policy of this state that the records of the state and local government shall be open for inspection by any person.[1] Such a right of access is now recognized in our state Constitution.[2]
Pursuant to section 119.07(1)(a), Florida Statutes, every person having custody of a public record "shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian's designee." Thus, in the absence of an exemption, records made or received by the supervisor of elections in connection with the transaction of official business are subject to disclosure.[3]
Section 101.64, Florida Statutes, requires that the voter wishing to vote by absentee ballot sign the certificate on the back of the absentee envelope. Such signature must be witnessed by a witness eighteen years of age or older.[4] In Attorney General Opinion 01-07, this office considered whether a voter's and witnesses' signatures on the voter's certificate located on the back of the absentee ballot envelope were confidential and exempt in light of section 97.0585, Florida Statutes, which provided for the confidentiality of declinations to register and the place of registration and registration information. An examination of the legislative history of the bill creating the section showed that the exemptions afforded by the section relate only to registration records. Thus, this office concluded that the exemption in section 97.0585, Florida Statutes, does not apply to, or exempt, voters' and witnesses' signatures on the voter's certificate located on the back of the absentee ballot envelope.[5]
Your inquiry, however, concerns a voter who is a participant in the Address Confidentiality Program for Victims of Domestic Violence, established under sections 741.401-741.409, Florida Statutes. The program was established in 1998 and is administered by the Attorney General's Office. As stated in section 741.401, Florida Statutes,
The Legislature finds that persons attempting to escape from actual or threatened domestic violence frequently establish new addresses in order to prevent their assailants or probable assailants from finding them. The purpose of ss. 741.401-741.409 is to enable state and local agencies to respond to requests for public records without disclosing the location of a victim of domestic violence, to enable interagency cooperation with the Attorney General in providing address confidentiality for victims of domestic violence, and to enable state and local agencies to accept a program participant's use of an address designated by the Attorney General as a substitute mailing address.
"Program participant" is defined in section 741.402(2), Florida Statutes, to mean a person certified as a program participant under section 741.403, Florida Statutes.[6]
The act allows program participants who wish to vote to do so by absentee ballot after providing a physical address. Such information is necessary in order for the supervisor of elections to determine the specific ballot to be mailed to the participant. Section 741.406, Florida Statutes, provides that the "name, address, and telephone number of a program participant may not be included in any list of registered voters available to the public." Section 741.465(2), Florida Statutes, as amended by section 3, Chapter 03-185, Laws of Florida, provides:
"The names, addresses, and telephone numbers of participants in the Address Confidentiality Program for Victims of Domestic Violence contained in voter registration records held by the supervisor of elections are exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution, except the information may be disclosed under the following circumstances: to a law enforcement agency for purposes of assisting in the execution of an arrest warrant or, if directed by a court order, to a person identified in the order. This exemption applies to information made exempt by this subsection before, on, or after the effective date of the exemption."[7]
While the statute provides for the confidentiality of the name, address and telephone number of a program participant, no provision is made for the signatures and addresses of witnesses on the absentee ballot. This office cannot infer an exemption to the Public Records Law.[8] While questions may be raised as to whether the release of the witnesses' names and addresses could lead to the location of a program participant, the determination as to whether such information should be exempt is one that must be made by the Legislature.
I would note, however, that the statute requiring a witness to sign the absentee envelope only requires that the witness be eighteen years of age. There is no requirement that the witness live in the same city or county as the program participant. Thus, a program participant could take steps to have a person who resides far from the participant's location witness his or her signature on the absentee ballot.
Because of the need to take every step to protect victims of domestic violence, the Legislature should address the issue of whether a witness's name and address on absentee ballots of programs participants are exempt. Until such time, however, I am of the opinion that the witness's name and address on the back of an absentee ballot are not confidential and exempt from disclosure even though the voter is a participant in the Address Confidentiality Program for Victims of Domestic Violence established pursuant to sections 741.401-741-409, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Section 119.01(1), Fla. Stat. And see, s. 119.07(1)(a), Fla. Stat.
[2] See, Art. I, s. 24(a), Fla. Const. 
[3] See, s. 119.011(1), Fla. Stat., defining "Public records."
[4] See, s. 101.64(1), Fla. Stat. And see, s. 101.65, Fla. Stat., setting forth the instructions for absentee voters which advise, among other things, that in order for the absentee ballot to be counted, it must include the signature and address of a witness 18 years of age or older affixed to the Voter's Certificate and that no candidate may serve as an attesting witness.
[5] See also, Op. Att'y Gen. Fla. 01-16 (2001) (s. 98.095, Fla. Stat., by its terms applies only to voter registration information contained in county registration books).
[6] See, s. 741.403, Fla. Stat., setting forth the provisions for applications for, and certification of, program participants.
[7] Section 5 of Chapter 03-185, Laws of Florida, sets forth the statement of public necessity:
"The Legislature finds that it is a public necessity that names, addresses, and telephone numbers of participants in the Address Confidentiality Program for Victims of Domestic Violence contained in voter registration records held by the supervisor of elections be made exempt from public records requirements. Participants in the program have demonstrated to the Office of the Attorney General that there exists a risk to their physical safety and security. Nonetheless, the program participants must be afforded the ability to participate in society and cast a vote in elections. However, the supervisor of elections must have a verifiable address for a program participant in order to place that participant in the proper voting district and to maintain adequate records for compliance with state and federal requirements. The public records exemption for the participant's name is a public necessity because access to such name narrows the location of that participant to his or her voting area. In addition, access to the participant's address and telephone number provides specific location and contact information of the participant. Therefore, access to the participant's name, address, and telephone number defeats the sole purpose of the Address Confidentiality Program for Victims of Domestic Violence, which is to provide safety and security for every participant."
[8] See, Art. I, section 24(c), Fla. Const., which authorizes the Legislature to enact general laws creating exemptions provided that such laws "state with specificity the public necessity justifying the exemption and . . . be no broader than necessary to accomplish the stated purpose of the law." And see, Memorial Hospital-West Volusia, I nc. v.News-Journal Corporation, 729 So.2d 373, 380 (Fla. 1999), in which the Florida Supreme Court refused to "imply" an exemption from the open records requirement, stating "we believe that an exemption from public records access is available only after the legislature has followed the express procedure provided in article I, section 24(c) of the Florida Constitution"; Indian River County Hospital District v. Indian RiverMemorial Hospital, Inc., 766 So.2d 233, 237 (Fla. 4th DCA 2000).